[22 NYS3d 536]

In the Matter of Lawrence S. Hartman (Admitted as Lawrence Scott Hartman), a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, December 30, 2015

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On November 20, 2013, the respondent entered a plea of guilty in the United States District Court for the Middle District of Florida, Tampa Division, before the Honorable Elizabeth A. Jenkins, to one count of conspiracy to commit mail and wire fraud, in violation of 18 USC § 1349, a felony. Pursuant to the plea agreement, dated November 4, 2013, the respondent certified that the facts set forth therein are true, and admitted as follows:

Beginning at least as early as in or about July 2004, and continuing through and including at least mid-2007, the respondent and his coconspirators came to a mutual understanding to procure and make fraudulent use of empty publicly traded shell companies (hereinafter the shell companies), and sell restricted and virtually worthless shares of stock in the shell companies to victim-investors outside the United States through telemarketers, who operated in "boiler rooms" overseas, utilizing high pressure and misleading sales techniques. The victims wired their investment funds to bank accounts in Florida and elsewhere. The respondent and his coconspirators used the funds to perpetrate the scheme and for their own personal enrichment.

The shell companies procured by the respondent were the product of corporate identity thefts perpetrated by other

coconspirators. The respondent and his coconspirators paid telemarketers to promote and sell restricted shares of common stock of the shell companies. A website containing false information was designed to make the shell companies appear legitimate and attractive as an investment. The respondent sent an email to his coconspirators with an attachment containing false and misleading website files and instructed them to have those files hosted on the Internet. The respondent participated in establishing the infrastructure utilized in the promotion and sale of restricted shares of common stock to the victim-investors, caused the preparation and transmission of worthless stock certificates to be sent to the victim-investors, and caused transmission of victim-investors' funds to accounts in his name, the names of family members, and the names of entities he controlled.

On April 1, 2014, the respondent was sentenced in the United States District Court for the Middle District of Florida, before the Honorable Mary S. Scriven, inter alia, to a term of 120 months of imprisonment with credit for time served, and supervised release for a period of three years. Further, as part of the sentence, the court ordered the respondent to forfeit to the United States all assets previously identified in the preliminary order of forfeiture, and the entry of a money judgment in the amount of $42,513,433.60 against the respondent.

Pursuant to Judiciary Law § 90 (4), a lawyer is automatically disbarred upon his or her conviction of a felony committed under the laws of this state. Conviction of a felony under federal law, that is essentially similar to a felony under New York law, also triggers automatic disbarment. As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]). In addition, this Court may consider the plea allocution in determining whether a defendant who has pleaded guilty to a conspiracy to commit a particular federal crime has admitted to having actually engaged in conduct constituting the completion of that particular federal crime (*see Matter of Madoff*, 114 AD3d 184, 186 [2013]; *Matter of Philwin*, 108 AD3d 129, 131-132 [2013]).

Although the respondent was convicted of one count of conspiracy to commit several federal crimes, the respondent, in his plea agreement, actually admitted to having completed several of those underlying crimes. Thus, the respondent's conduct, as set forth in his plea agreement, in effect, constituted the completed federal felony of wire fraud, which is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b). A person is guilty of that crime if he or she

> "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65 [1] [b]; *see Matter of Thies*, 42 AD3d 37 [2007], citing *Matter of Ashley*, 263 AD2d 70 [1999]).

By virtue of his felony conviction, the respondent was automatically disbarred as of November 20, 2013, and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The Grievance Committee for the Ninth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law. The respondent has taken no position with respect to the Grievance Committee's motion.

Accordingly, the motion pursuant to Judiciary Law § 90 (4) (b) to strike the respondent's name from the roll of attorneys and counselors-at-law is granted to reflect the respondent's disbarment as of November 20, 2013. The application by the Grievance Committee to suspend the respondent based upon his conviction of a "serious crime," pursuant to Judiciary Law § 90 (4) (f) and 22 NYCRR 691.7 (b), is denied as academic in light of his automatic disbarment.

Eng, P.J., Mastro, Rivera, Dillon and Miller, JJ., concur.

Ordered that the motion of the Grievance Committee for the Ninth Judicial District is granted, and that the application by the Grievance Committee to suspend the respondent based upon his conviction of a "serious crime," pursuant to Judiciary Law § 90 (4) (f) and 22 NYCRR 691.7 (b), is denied as academic; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Lawrence S. Hartman, admitted as Lawrence Scott Hartman, a suspended attorney, is disbarred, effective November 20, 2013, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Lawrence S. Hartman, admitted as Lawrence Scott Hartman, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Lawrence S. Hartman, admitted as Lawrence Scott Hartman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lawrence S. Hartman, admitted as Lawrence Scott Hartman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).