[45 NYS3d 215]

In the Matter of WALLY DUVAL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 25, 2017

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On September 26, 2014, the respondent pleaded guilty in the United States District Court, Southern District of New York, to conspiracy to commit bank fraud, in violation of 18 USC § 1349. The respondent was sentenced on January 7, 2015 to 20 months' imprisonment, followed by five years of supervised release. In addition, she was ordered to pay an assessment in the amount of $100, and restitution in the sum of $718,800.56, to be paid in monthly installments upon her release from prison.

There is no record of the respondent advising this Court of her conviction, as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon her conviction of a felony. The respondent has taken no position with respect to the motion of the Grievance Committee.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]).

The Grievance Committee asserts that the respondent's conviction of conspiracy to commit bank fraud, in violation of

18 USC § 1349, is essentially similar to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65; *see Matter of Kim*, 209 AD2d 127 [1995]). Pursuant to Penal Law § 190.65, a person is guilty of scheme to defraud in the first degree, a class E felony, by engaging in a scheme with intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. During the respondent's plea allocution, she admitted that she agreed with others to commit bank fraud by facilitating the submission of loan applications to banks, which applications she knew were fraudulent. She further agreed to forfeit the sum of $1,104,000, the proceeds of the offense.

Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit bank fraud, in violation of 18 USC § 1349, constitutes a felony within the meaning of Judiciary Law § 90 (4) (e). As such, upon her conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the unopposed motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of September 26, 2014.

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the Grievance Committee's motion to strike the name of the respondent, Wally Duval, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Wally Duval, is disbarred, effective September 26, 2014, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Wally Duval, shall comply with this Court's rules governing the conduct of disbarred and suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Wally Duval, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Wally Duval, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).