[63 NYS3d 680]

In the Matter of JOHN E. PETITON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 15, 2017

## APPEARANCES OF COUNSEL

*Catherine A. Sheridan*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On October 23, 2015, in the United States District Court for the Eastern District of New York, the respondent pleaded guilty to one count of conspiracy to commit bank fraud, in violation of 18 USC §§ 1349 and 1344, a federal felony. The respondent was sentenced on December 2, 2016, to 63 months of incarceration and supervised release for a period of three years, and he was directed, inter alia, to pay restitution in the amount of $2,500,000.

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), based upon his conviction of a felony. Although duly served with the instant motion, the respondent has not submitted any papers in opposition or requested additional time in which to do so.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]).

The Grievance Committee asserts, inter alia, that the respondent's conviction of conspiracy to commit bank fraud, in violation of 18 USC §§ 1349 and 1344, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Duval*, 148 AD3d 73 [2017]). Pursuant to Penal Law § 190.65, a person is guilty of scheme to defraud in the first degree, a class E felony, by engaging in a scheme with intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. During the respondent's plea allocution, he admitted that he voluntarily took part with others to conspire and defraud the banking industry as alleged in the indictment. Specifically, from January 2003 to January 2008, the respondent, with others, devised a scheme to defraud certain financial institutions by obtaining more than $30 million through materially false and fraudulent statements in mortgage loan applications, and by concealing material information regarding the collateral values of properties that were supposed to secure the mortgages.

Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit bank fraud, in violation of 18 USC §§ 1349 and 1344, constitutes a felony within the meaning of Judiciary Law § 90 (4) (e). By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted to reflect the respondent's disbarment as of October 23, 2015.

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that the Grievance Committee's motion to strike the name of the respondent, John E. Petiton, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, John E. Petiton, is disbarred, effective October 23, 2015, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, John E. Petiton, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, John E. Petiton, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John E. Petiton, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).