Matter of Savitsky (2019 NY Slip Op 01603)





Matter of Savitsky


2019 NY Slip Op 01603


Decided on March 6, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2018-08814

[*1]In the Matter of Robert Savitsky, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Robert Savitsky, respondent. (Attorney Registration No. 2235729)



Motion by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1989.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On March 27, 2014, in the United States District Court for the Eastern District of New York, the respondent was convicted, upon his plea of guilty, of conspiracy to commit bank fraud in violation of 18 USC 371 and 1344. At his plea allocution, the respondent admitted the following:
 In or about and between January of 2009 and March of 2010, in the Eastern District of New York and elsewhere, I knowingly and willfully entered into an agreement with others . . . to defraud the Gateway Bank, a federal savings bank located in California. In February and March 2009 Gateway sold stock to investors and sold mortgage loans to three entities. Among other things, I made false representations of material facts in connection with the sale of stock and purchased approximately $1.68 million worth of stock in that transaction. But in reality I knew — and others also bought stocks in the transaction, were acting as nominees for other persons. I concealed . . . that important fact from Gateway by, amongst other things, making false representations in subscription agreements stating that there were no other agreements between the investors and anyone else in connection with the purchase of the stock. In fact the investors, including myself, had agreed with another to act as nominees. The subscription agreements were submitted to Gateway.'
On January 20, 2017, the respondent was sentenced to three years' probation and a $100 assessment fee.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a [*2]felony when it would constitute a felony in this state (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a foreign felony is "essentially similar" to a New York felony, this Court may consider other factors, including the plea allocution and the trial record (see Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Ashley, 263 AD2d 70; Matter of Fury, 145 AD2d 259).
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony. The Grievance Committee contends, inter alia, that the respondent's conviction of conspiracy to commit bank fraud in violation of 18 USC §§ 371 and 1344 is "essentially similar" to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (see Matter of Petiton, 155 AD3d 118; Matter of Duval, 148 AD3d 73).
Although served with a copy of the motion on July 18, 2018, the respondent has neither submitted a response nor requested additional time in which to do so. Thus, the motion is unopposed.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit bank fraud in violation of 18 USC §§ 371 and 1344 constitutes a felony within the meaning of Judiciary Law § 90(4)(e). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment on March 27, 2014.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Robert Savitsky, is disbarred, effective March 27, 2014, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Robert Savitsky, shall comply with the rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert Savitsky, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert Savitsky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court