Matter of Gayatrinath (2019 NY Slip Op 06603)





Matter of Gayatrinath


2019 NY Slip Op 06603


Decided on September 18, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-02983

[*1]In the Matter of Gaya S. Gayatrinath, admitted as Subramaniam Gayathrinath, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Gaya S. Gayatrinath, respondent. (Attorney Registration No. 2232346)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1989, under the name Subramaniam Gayathrinath. On January 14, 1999, the respondent's name was changed to Gaya S. Gayatrinath pursuant to an order of the United States District Court for the Eastern District of New York.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Gaya S. Gayatrinath, Staten Island, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
On January 18, 2017, in the United States District Court for the Southern District of New York, the respondent pleaded guilty before the Honorable Richard M. Berman to one count of conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of 18 USC § 371, a federal felony. The respondent was sentenced on June 6, 2017, to a term of imprisonment of 22 months and a period of postrelease supervision of 3 years, and was ordered to pay restitution, jointly and severally with his codefendants, in the amount of $683,632,800.23, and a mandatory special assessment of $100.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony.
The respondent opposes the motion to strike, contending that a lesser sanction should be imposed based upon, inter alia, his sacrifice in leaving a successful law practice in Bangalore, India, to practice in New York, his integrity during the course of his criminal proceeding, and his character references.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, [*2]shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5). In addition, this Court may consider the plea allocution to determine whether a defendant who pleaded guilty to conspiracy to commit a particular federal crime has admitted to engaging in conduct that constitutes the completion of that particular federal crime (see Matter of Hartman, 136 AD3d 181, citing Matter of Madoff, 114 AD3d 184, and Matter of Philwin, 108 AD3d 129).
The Grievance Committee asserts, inter alia, that the respondent's conviction of conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of 18 USC § 371, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Pursuant to Penal Law § 190.65, a person is guilty of this crime by engaging in a scheme with intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. In the indictment filed in United States of America v Rastogi, et al, Indictment No. 02-Cr-00673 (RMB), it was alleged that the respondent and 14 codefendants conducted an elaborate scheme to secure fraudulent loans from financial institutions by creating shell corporations engaged in international metal trading. During the respondent's plea allocution, he admitted that once he learned of the fraudulent loan agreements, he voluntarily conspired with his employers to continue the scheme. Specifically, when forensic auditors began investigating some of the loans, he provided false information to the auditors in an effort to perpetuate the fraudulent loan scheme. The respondent agreed to the forfeiture of more than $600 million in funds and was held jointly and severally liable for this amount.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of 18 USC § 371, constitutes a felony within the meaning of Judiciary Law § 90(4)(e). Further, this Court has previously held that conspiracy to commit bank fraud is "essentially similar" to the New York felony of scheme to defraud in the first degree (see e.g. Matter of Savitsky, 170 AD3d 106; Matter of Petiton, 155 AD3d 118; Matter of Duval, 148 AD3d 73). Accordingly, by virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of January 18, 2017.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Gaya S. Gayatrinath, admitted as Subramaniam Gayathrinath, is disbarred, effective January 18, 2017, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Gaya S. Gayatrinath, admitted as Subramaniam Gayathrinath, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Gaya S. Gayatrinath, admitted as Subramaniam Gayathrinath, is commanded to desist and refrain from (1) practicing law [*3]in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gaya S. Gayatrinath, admitted as Subramaniam Gayathrinath, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court