Matter of Goodson (2020 NY Slip Op 05278)





Matter of Goodson


2020 NY Slip Op 05278


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

PM-125-20

[*1]In the Matter of Christopher John Goodson, an Attorney. (Attorney Registration No. 2949279.)

Calendar Date: August 31, 2020

Before: Lynch, J.P., Devine, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Nissenbaum Law Group, LLC, Union, New Jersey (Anthony C. Gunst IV), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1999. That same year, he was also admitted to the practice of law in New Jersey, where he presently lists a business address with the Office of Court Administration. Following respondent's execution of an agreement pleading guilty to a criminal information charging him with the federal felony of conspiracy to commit bank fraud (18 USC §§ 1344, 1349), the plea agreement was filed on September 28, 2018 in the United States District Court for the District of New Jersey. This conviction stemmed from respondent's participation, along with two coconspirators, in a mortgage loan fraud scheme operated through his law firm. By October 2018 order, the Supreme Court of New Jersey suspended respondent from the practice of law on an interim basis pending the final resolution of disciplinary charges related to respondent's conviction (Matter of Goodson, 235 NJ 329 [2018]), and that suspension remains extant.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of the filing of his guilty plea to the federal felony of conspiracy to commit bank fraud, contending that this conviction resulted in his automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12).[FN1] In the alternative, AGC seeks to impose discipline pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, based upon the misconduct giving rise to respondent's suspension from the practice of law in New Jersey. Respondent has submitted papers in opposition requesting, among other things, that this Court dismiss AGC's motion pending the completion of the disciplinary proceedings in New Jersey.
Notably, a guilty plea to an analogue New York felony, "for attorney discipline purposes, serve[s] as the equivalent of a conviction" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]). Moreover, "'an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred'" (Matter of Ferriero, 172 AD3d 1698, 1699 [2019], quoting Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]). Upon review of the proof submitted in support of AGC's motion, we agree that respondent's conviction of the federal crime of conspiracy to commit bank fraud is sufficiently comparable to the New York class E felony of scheme to defraud in the first degree (see Penal Law § 190.65 [b]) so as to warrant his automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see e.g. Matter of Petiton, 155 AD3d 118 [2017]; Matter of Williams, 148 AD3d 269 [2017]; Matter of Duval, 148 AD3d 73 [2017]; Matter of Merker, 140 AD3d 1 [2016]). Given this conclusion, we therefore grant that part of AGC's motion asking this Court to confirm respondent's disbarred status by striking his name from the roll of attorneys nunc pro tunc to September 28, 2018 (see Matter of Hand, 164 AD3d 1006, 1009 [2018]; Matter of Goncalves, 161 AD3d 1377, 1379 [2018]).[FN2]
Lynch, J.P., Devine, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to September 28, 2018; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: AGC advises that respondent's sentencing date is currently postponed.

Footnote 2: In light of this result, it is unnecessary to address AGC's alternative request for the imposition of discipline pursuant to Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13.