Matter of Scott (2020 NY Slip Op 06192)





Matter of Scott


2020 NY Slip Op 06192


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

PM-141-20

[*1]In the Matter of Mark Stanley Scott, an Attorney. (Attorney Registration No. 2773489.)

Calendar Date: September 16, 2020 

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Mintz & Gold LLP, New York (Kevin M. Brown of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1996 and has also been admitted in his home state of Florida since 1998. In November 2019, following a jury trial before the United States District Court for the Southern District of New York, respondent was convicted of two federal felonies, conspiracy to commit money laundering (see 18 USC § 1956 [a] [1] [B] [i]; [2] [B] [i]) and conspiracy to commit bank fraud (see 18 USC §§ 1344, 1349). These convictions stem from respondent's involvement in a wire fraud scheme in which $400 million in cryptocurrency was transferred to and from accounts in the United States and foreign locations, as well as his role in defrauding federally backed financial institutions of moneys and other property through the misrepresentation of material facts. Respondent has not yet been sentenced.[FN1]
As a consequence of his convictions, the Supreme Court of Florida has suspended respondent from the practice of law in that state (The Florida Bar v Scott, 2020 WL 549039 [Fla S Ct 2019]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of his felony convictions in federal court, arguing that one or more of his convictions resulted in his automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). In the alternative, AGC seeks to impose discipline based upon respondent's conviction of "serious crime[s]" (Judiciary Law § 90 [4] [d], [g]), or based upon his Florida misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.13; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [b]; Rules Regulating the Florida Bar, rule 4-8.4 [b]). Respondent opposes the motion by affirmation of counsel.
Initially, "[e]ven though respondent has not yet been sentenced, the timing of this application is appropriate because the motion to strike [his name from the roll of attorneys] is properly based upon a guilty . . . verdict" (Matter of David, 102 AD3d 23, 25 [2012]; see Judiciary Law § 90 [a] [4]; Matter of Balis, 32 AD3d 66, 67 n [2006]). Turning to the merits, "[t]he Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other [s]tate, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state'" (Matter of Margiotta, 60 NY2d 147, 150 [1983], quoting Judiciary law § 90 [4] [e]; see Matter of Ferriero, 172 AD3d 1698, 1699 [2019]). In this regard, "[t]he predicate foreign felony need not be a 'mirror image' of the New York felony; rather, the felonies must have 'essential similarity,' which is determined through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue (Matter of Hand, 164 AD3d 1006, 1007-1008 [2018], quoting Matter of Margiotta, 60 NY2d at 150).
Respondent's conviction for conspiracy to commit money laundering fails to meet this standard (see 18 USC § 1956 [a] [1] [B] [i]; [2] [B] [i]; Penal Law § 470.10; Matter of Bristol, 94 AD3d 85, 87 [2012]; Matter of Stern, 205 AD2d 162, 164 [1994]). Nevertheless, we find that, under the circumstances presented, respondent's conviction of conspiracy to commit bank fraud in violation of 18 USC §§ 1344 and 1349 is sufficiently similar to the New York felonies of scheme to defraud in the first degree (see Penal Law § 190.65 [1]) and grand larceny in the second degree (see Penal Law § 155.40 [1]) so as to trigger his automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see Matter of Petition, 155 AD3d 118, 120 [2017]; Matter of Williams, 148 AD3d 269, 270-271 [2017]; Matter of Berkowsky, 127 AD3d 175, 176 [2015]; Matter of Kaplan, 96 AD3d 16, 18 [2012]; Matter of Mavashev, 86 AD3d 297, 299 [2011]). Accordingly, "our sole ministerial obligation is to publicly confirm respondent's disbarred status by striking his name from the roll of attorneys nunc pro tunc to the date of his conviction," November 21, 2019 (Matter of Ferriero, 172 AD3d at 1699).
To the extent that respondent argues that disciplinary action in this state is premature in light of his pending posttrial motion, such circumstances to do not entitle him to a stay of disciplinary proceedings (see Matter of Mitchell, 40 NY2d 153, 157 [1976]; Matter of Tzeuton, 66 AD3d 1082, 1082 [2009]). Should respondent's posttrial motion or potential future appeal be successful, "he may move to vacate the sanction imposed by this Court in accordance with Judiciary Law § 90 (5) (a)" (Matter of Tzeuton, 66 AD3d at 1082; see Judiciary Law § 90 [5] [a]).
In view of our determination, any remaining arguments not explicitly addressed herein have been rendered academic.
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted to the extent set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to November 21, 2019; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: According to respondent's counsel, his sentencing has been set for a date in October 2020.