Matter of Sobkiewicz (2022 NY Slip Op 04933)

Matter of Sobkiewicz

2022 NY Slip Op 04933

Decided on August 11, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 11, 2022

PM-142-22
[*1]In the Matter of Erik Sobkiewicz, a Suspended Attorney. (Attorney Registration No. 2357846.)

Calendar Date:May 16, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1990, having previously been admitted in Pennsylvania. However, by May 2019 order of this Court, respondent was suspended from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2012 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1754 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent remains so suspended to date, and is currently delinquent in his statutory registration obligations for five consecutive biennial periods.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that the Supreme Court of Pennsylvania, by November 2016 order, disbarred respondent on consent due to his February 2015 plea of guilty to the federal felony of bank fraud (18 USC § 1344 [1]) in the US District Court for the Western District of Pennsylvania. This conviction stemmed from respondent's admitted participation in a scheme to, among other things, defraud a bank by obtaining mortgage loans for one of his properties by utilizing false statements and forged documents. In furtherance of the scheme, respondent also made false representations to the bank that he would be investing $600,000 of his own money into the property when, in fact, the funds were borrowed under false pretenses from a separate individual identified in the information. As a consequence of his plea, respondent was sentenced to, among other things, 36 months in prison and ordered to pay over $600,000 in restitution. Respondent failed to provide this Court or AGC with the required 30-day notice of his criminal conviction (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]), or of his discipline in Pennsylvania (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).
Now, by order to show cause marked returnable May 16, 2022, AGC moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of his conviction, contending that his conviction of the federal felony of bank fraud resulted in his automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). In the alternative, AGC seeks an order imposing discipline in this state based upon respondent's disbarment by consent in Pennsylvania (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Respondent has not responded to the motion.
Notably, "'an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred'" (Matter of Ferriero, 172 AD3d 1698, [*2]1699 [2019] [brackets omitted], quoting Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]). Upon review of the proof submitted in support of AGC's motion — including the terms of respondent's guilty plea and the corresponding criminal information — we agree that respondent's conviction of the federal crime of bank fraud is sufficiently comparable to the New York felonies of scheme to defraud in the first degree (see Penal Law § 190.65 [1]) and grand larceny in the second degree (see Penal Law § 155.40 [1]) so as to trigger his automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see Matter of Scott, 187 AD3d 1480, 1481 [2020]; Matter of Williams, 148 AD3d 269, 270-271 [2017]; Matter of Berkowsky, 127 AD3d 175, 176 [2015]; Matter of Kaplan, 96 AD3d 16, 18 [2012]; see also Matter of Goodson, 187 AD3d 1289, 1290 [2020]; Matter of Petiton, 155 AD3d 118, 120 [2017]). Given this conclusion, we find that respondent ceased to be an attorney in New York by operation of law at the time that he entered his guilty plea on February 9, 2015, and we therefore grant that part of AGC's motion asking this Court to confirm respondent's disbarred status by striking his name from the roll of attorneys nunc pro tunc to that date (see Matter of Hand, 164 AD3d 1006, 1009 [2018]; Matter of Goncalves, 161 AD3d 1377, 1379 [2018]).[FN1]
Egan Jr., J.P., Clark, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and dismissed in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to February 9, 2015; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: In light of this result, AGC's alternative request for the imposition of discipline pursuant to Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13 has been rendered academic.