Matter of Nazor (2024 NY Slip Op 03124)

Matter of Nazor

2024 NY Slip Op 03124

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

PM-118-24
[*1]In the Matter of Bryan Nazor, an Attorney. (Attorney Registration No. 3911286.)

Calendar Date:April 29, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 following his 2000 admission in his home state of New Jersey. In March 2019, respondent pleaded guilty in New Jersey to two counts of an indictment, specifically to third-degree conspiracy (see New Jersey Code of Criminal Justice § 2C:5-2) and third-degree theft by failure to make required disposition of property (see New Jersey Code of Criminal Justice § 2C:20-9), stemming from respondent's involvement in an investment fraud scheme with George Bussanich Sr., George Bussanich Jr. and Wilma Bussanich. Respondent was thereafter sentenced to a noncustodial term of probation and restitution, and later consented to his disbarment by the Supreme Court of New Jersey.[FN1]
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves for alternative relief, by order to show cause marked returnable April 29, 2024, striking respondent's name from the roll of attorneys due to his felony conviction in New Jersey (see Judiciary Law § 90 [4] [a]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]) or, alternatively, to impose discipline upon him in this state as a consequence of his New Jersey misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not responded to AGC's motion or otherwise submitted any documentation in mitigation.
Judiciary Law § 90 (4) (e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." While the felony in another jurisdiction "need not be a mirror image of the New York felony," it must, nonetheless, have essential similarity (Matter of Margiotta, 60 NY2d 147, 150 [1983]), and such similarity may be based on established facts in the record, including any plea allocution (see e.g. Matter of Patel, 194 AD3d 1245, 1246-1249 [3d Dept 2021]).
AGC argues that respondent's third-degree conspiracy conviction in New Jersey (see New Jersey Code of Criminal Justice § 2C:5-2) is a proper predicate for his disbarment in this state, as it has been determined to constitute conspiracy in the fourth degree, a class E felony, in this state (see Penal Law § 105.10 [1]). We note, however, that "a conviction for conspiracy in New Jersey will not satisfy the requirement of essential similarity in every instance, as Penal Law § 105.10 (1) contains the added requirement that the intended object of the conspiracy itself constitute a class B or class C felony in this state, which differs from the statutory requirements in New Jersey" (Matter of Hand, 164 AD3d 1006, 1008 [3d Dept 2018]). In this vein, respondent's plea allocution establishes that he received approximately $3 million that belonged to investors, and aided the [*2]Bussaniches in the solicitation and theft of those funds by dispersing the funds to limited liability corporations he created and which were ultimately controlled by the Bussaniches. Moreover, respondent's plea further reveals that he engaged in such conduct knowing that the Bussaniches were prohibited by a court order from soliciting or accepting investor funds themselves. As such, we conclude that the object of respondent's conspiracy with the Bussaniches constitutes grand larceny in the first degree, a class B felony, which contains the element of theft of property valued at more than $1 million (see Penal Law § 155.42), and that respondent's conviction of third-degree conspiracy in New Jersey is therefore a proper factual predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a).
We also find that respondent's New Jersey conviction for third-degree theft by failure to make required disposition of property is essentially similar to New York's felony of grand larceny in the second degree. Pursuant to the New Jersey statute, a person "who purposely obtains or retains property upon agreement or subject to a known legal obligation to make specified payment or other disposition . . . is guilty of theft if he deals with the property obtained as his own and fails to make the required payment or disposition" (New Jersey Code of Criminal Justice § 2C:20-9). By comparison, New York's grand larceny in the second degree (see Penal Law § 155.40 [1]) states that a person is guilty of the class C felony of grand larceny in the second degree when he or she steals property that is valued in excess of $50,000. Respondent's plea allocution regarding this charge establishes that he maintained investor funds in his escrow account and he thereafter transferred $290,448 to a bank account associated with respondent's business. The plea establishes that the purpose of the fund transfer was to repay a personal loan made by Wilma Bussanich to a company co-owned by respondent and that, by removing these funds from the escrow account, he was aware that he had used funds provided to him by investors to repay a loan in which he had a personal interest. Moreover, respondent's criminal conviction in New Jersey satisfied the $50,000 minimum property value as stated in Penal Law § 155.40 (1). As such, we grant AGC's motion and confirm respondent's disbarred status by striking his name from the roll of attorneys nunc pro tunc to March 22, 2019 (see Matter of Sobkiewicz, 208 AD3d 938, 939 [3d Dept 2022]).[FN2]
Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to March 22, 2019; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Respondent failed to provide timely notice to this Court and the Attorney Grievance Committee for the Third Judicial Department of his New Jersey criminal conviction (see Judiciary Law § 90 [4] [c]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [a]), as well as his New Jersey temporary suspension and disbarment (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]).

Footnote 2: Because respondent's disbarment is automatic and we have confirmed his disbarred status, we need not address AGC's alternative request to discipline respondent based upon his criminal conduct in New Jersey that resulted in his temporary suspension and disbarment in that jurisdiction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13).