Matter of Saunders (2024 NY Slip Op 03796)

Matter of Saunders

2024 NY Slip Op 03796

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

PM-138-24
[*1]In the Matter of James Dalton Saunders, an Attorney. (Attorney Registration No. 4208120.)

Calendar Date:June 3, 2024

Before:Aarons, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2004 following his previous admissions in Florida and in his home state of Ohio. Following a 2023 bench trial, respondent was convicted of two counts of the Ohio felony of election fraud, based upon evidence establishing that he had voted in both Florida and in Ohio in the 2020 presidential election as well as in the 2022 general election. He has since been suspended from the practice of law in both Ohio and Florida as a consequence of his criminal conviction. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to strike respondent's name from the roll of attorneys due to his felony conviction.
In April 2023, respondent was indicted on two counts of election fraud based upon his voting activities in Ohio and Florida. Specifically, it was established that respondent voted twice in the 2020 presidential election — once in Ohio during the early voting period and then again on Election Day in Florida after listing his "residence" in both locations. Similarly, respondent voted twice in the 2022 general election — once by mail-in ballot in Florida and then again in person on Election Day in Ohio. Accordingly, following a bench trial in July 2023, respondent was convicted of two counts of a violation of Ohio Revised Code § 3599.12 (A) (2), prohibiting any person from "[v]ot[ing] or attempt[ing] to vote more than once at the same election by any means, including voting or attempting to vote both by absent voter's ballots . . . and by regular ballot at the polls at the same election." The Court of Common Pleas in Cuyahoga County, Ohio rejected respondent's defenses, including jurisdictional arguments as well as his claim that his duplicative voting was accidental. As such, respondent was sentenced to a prison term of 18 months for each count, with the sentences to run consecutively. However, the sentence was stayed pending respondent's appeal of the conviction.
Based on respondent's felony conviction in Ohio, AGC now seeks an order confirming respondent's disbarred status and striking respondent's name from the roll of attorneys in this state (see Judiciary Law § 90 [4] [a]-[b], [e]). Respondent has not provided a response to the instant motion. It is well settled that "an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred" (Matter of Sobkiewicz, 208 AD3d 938, 939 [3d Dept 2022][internal quotation marks and citations omitted]; see Matter of Del Valle, 227 AD3d 22, 23 [1st Dept 2024]). To this end, "the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity" (Matter of Del Valle, 227 AD3d at 23-24 [internal quotation marks and citation omitted]). Here, the subject Ohio felony is substantially similar to Election Law § 17-132 (3) which states that any person who "[v]otes or [*2]offers or attempts to vote at an election, more than once; or votes or offers or attempts to vote at an election under any other name than his own; or votes or offers or attempts to vote at an election, in an election district or from a place where he does not reside" is guilty of a felony. Given this conclusion, we confirm respondent's disbarment status nunc pro tunc to the date of his Ohio conviction.
Aarons, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective August 22, 2023; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).