Matter of Young (2024 NY Slip Op 05863)

Matter of Young

2024 NY Slip Op 05863

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

PM-227-24
[*1]In the Matter of Donald Albert Young, a Suspended Attorney. (Attorney Registration No. 2189207.)

Calendar Date:September 23, 2024

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice in Pennsylvania in 1978 and was later admitted by this Court in 1988. However, we subsequently suspended respondent from practice in New York, by September 2009 order, for misconduct arising from his noncompliance with statutory registration requirements beginning in 2000 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1482 [3d Dept 2009]), and he remains suspended to date pursuant to the terms of our order. In November 1998, respondent was convicted after trial in Pennsylvania of various sex crimes and associated offenses involving multiple victims and was thereafter sentenced to a term of 4½ to 9 years in prison. Respondent was ultimately disbarred by the Supreme Court of Pennsylvania in May 2009 upon that Court's conclusion that respondent's criminal conduct constituted professional misconduct. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves, by order to show cause marked returnable September 23, 2024, to impose discipline upon respondent as a consequence of his Pennsylvania misconduct (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13). Respondent has not responded to AGC's motion.
On November 13, 1998, respondent was convicted of multiple offenses after trial by jury, including one count of rape, five counts of sexual assault, five counts of aggravated indecent assault, endangering the welfare of children, two counts of false imprisonment and two counts of simple assault, for crimes involving multiple victims.[FN1] Details of the offenses, including the 11 felonies, reveal that respondent brought two Central American women to his home in Pennsylvania as "mail-order brides" and thereafter imprisoned, raped and sexually abused them behind the barred windows of his home. Respondent was sentenced as noted above and ultimately served 9 years before being released from prison in February 2008.
In April 1999, shortly after respondent's conviction, respondent was temporarily suspended from the practice of law by order of the Supreme Court of Pennsylvania. In January 2001, the Pennsylvania Disciplinary Board filed a petition against respondent based upon the underlying convictions, but the matter was continued, upon the request of respondent, until he was released from prison. However, respondent did not ultimately appear for the September 2008 hearing, which resulted in a report recommending respondent's disbarment. The report provided a detailed procedural summary of respondent's criminal case and described respondent's conduct as "extremely egregious and offensive to the public" and further remarked that "[t]he violent, assaultive nature of [r]espondent's conduct, the lengthy prison sentence, the lack of mitigating factors and [r]espondent's failure to appear for the disciplinary hearing indicate that disbarment is appropriate" — a sanction the Board reserved for "only the most offensive cases." Specifically, the [*2]report found that respondent violated Pennsylvania Rules of Disciplinary Enforcement rule 203 (b) (1) which states that an attorney being convicted of a crime is an independent basis for discipline, and Pennsylvania Rules of Professional conduct rule 8.4 (b) which notes that it is professional misconduct for an attorney to commit a criminal act that adversely reflects on his or her honesty, trustworthiness or fitness as a lawyer. The Supreme Court of Pennsylvania considered this report and accordingly disbarred respondent by May 2009 order.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned by Pennsylvania. To be sure, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, we also note that Judiciary Law § 90 (4) (a) states that "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony . . . shall upon such conviction, cease to be an attorney and counsellor-at-law." To this end, we have previously held that "an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred" (Matter of Saunders, 229 AD3d 939, 940 [3d Dept 2024] [internal quotation marks and citations omitted; emphasis added]), and our ministerial duty in such a circumstance is to merely strike the felonious attorney's name from the roll of attorneys to provide the public with notice of his or her disbarment. Consistent with our view, our colleagues in the First Department have repeatedly characterized the mechanism of felony disbarment set forth in Judiciary Law § 90 as " 'self-executing' " (Matter of Rahman, 211 AD3d 61, 63 [1st Dept 2022], quoting Matter of Reich, 206 AD3d 22, 24 [1st Dept 2022]).
Here, AGC rightly observes that "certain of the crimes of which respondent was convicted, for example, rape, sexual assault and aggravated indecent assault, felonies in Pennsylvania, would constitute felonies if committed in New York" (see Penal Law §§ 130.35, 130.65, 130.70). Thus, respondent was disbarred by operation of law at the moment that the Pennsylvania jury convicted him of his crimes (see Matter of Nazor, 228 AD3d 1058, 1061 & n 2 [3d Dept 2024]; Matter of Cornwell, 214 AD3d 1064, 1064 [3d Dept 2023]; Matter of Sobkiewicz, 208 AD3d 938, 938 [3d Dept 2022]). While AGC has not explicitly moved to strike respondent's name from the roll of attorneys, we cannot turn a blind eye to the fact of his felony convictions, which are amply demonstrated in the record before us (see generally Matter of Solny, 213 AD3d 24, 25-26 [1st Dept 2023]; see also Matter of Rahman, 211 AD3d at 63; Matter of Reich, 206 AD3d at 24[*3]). Nor are we impeded by respondent's failure to fulfill his obligation to report the fact of his conviction to this Court (see Judiciary Law § 90 [4] [c]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [a]; compare Matter of Saunders, 229 AD3d at 940; Matter of Nazor, 228 AD3d at 1059; Matter of Cornwell, 214 AD3d at 1064; Matter of Sobkiewicz, 208 AD3d at 938 [3d Dept 2022]). Accordingly, we sua sponte confirm respondent's disbarred status by reason of his felony conviction and strike his name from the roll of attorneys in this State nunc pro tunc to the date of his Pennsylvania guilty verdict (see Matter of Saunders, 229 AD3d at 940; Matter of Nazor, 228 AD3d at 1061).
Egan Jr., J.P., Clark, Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that, upon our own motion, respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective November 13, 1998; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is dismissed, as academic.

Footnotes

Footnote 1: AGC did not provide, nor does a cursory search of public records reveal, a judgment of conviction against respondent. However, respondent's case summary on the Unified Judicial System of Pennsylvania Web Portal confirms respondent's convictions.