Matter of Kelley (2025 NY Slip Op 05735)

Matter of Kelley

2025 NY Slip Op 05735

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

PM-230-25
[*1]In the Matter of Troy Xavier Kelley, an Attorney. (Attorney Registration No. 2748333.)

Calendar Date:September 15, 2025

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Powers, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Troy Xavier Kelley, Tacoma, Washington, respondent pro se.

Per Curiam.
Respondent was admitted to the practice of law in this state in 1996, and he has also been admitted to practice in the states of Washington and California. In addition to being a Lieutenant Colonel in the Judge Advocate General's Corps, United States Army Reserve, respondent was also a former Washington state representative and the State Auditor of Washington. In December 2017, following a jury trial, respondent was found guilty of various federal felonies, including possession and concealment of stolen property and filing false income tax returns. Respondent's indictment had arisen in connection with his involvement in a scheme where, through his real estate business, he kept unused portions of reconveyance fees for the transfer of real property titles.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves, by order to show cause, to strike respondent's name from the roll of attorneys due to his felony convictions (see Judiciary Law § 90 [4] [a], [b], [e]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]) of possession and concealment of stolen property (see 18 USC § 2315) and making a false declaration (see 18 USC § 1623 [a]), or alternatively, to impose discipline upon respondent as a consequence of his conviction for filing false income tax returns (see 26 USC § 7206 [1]), which AGC argues constitutes a serious crime (see Judiciary Law § 90 [4] [d]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2]). Respondent opposes AGC's motion by affirmation, and AGC has been heard in reply.
Consistent with Judiciary Law § 90 (a), an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred (see Matter of Saunders, 229 AD3d 939, 939-940 [3d Dept 2024]). Accordingly, our ministerial duty following such a circumstance is to merely strike the felonious attorney's name from the roll of attorneys, thereby providing the public with notice of the attorney's disbarment (see Matter of Young, 232 AD3d 1109, 1111 [3d Dept 2024]). While the felony in another jurisdiction need not be a "mirror image" of the New York felony, the foreign felony must, nonetheless, have essential similarity (Matter of Margiotta, 60 NY2d 147, 150 [1983]).
Here, AGC correctly asserts that respondent's federal conviction for possession and concealment of stolen property (see 18 USC § 2315) is essentially similar to a violation of New York's Penal Law § 165.50, which is a class D felony (see e.g. Matter of Landan, 231 AD2d 303 [1st Dept 1997]; see also Matter of Cooper, 196 AD3d 137 [1st Dept 1994]). Likewise, we agree with AGC that respondent's federal felony conviction for making a false declaration (see 18 USC § 1623 [a]) is essentially similar to perjury in the first degree (see Penal Law § 210.15), which is also a class D felony in this state (see e.g. Matter of Gellene, 246 AD2d 109 [1st Dept 1998]; Matter [*2]of DeSalvo, 189 AD2d 322 [1st Dept 1993]). While we rely, in part, on the precedent of our colleagues in the First Department in reaching this conclusion, we likewise base this conclusion on the record before us (see e.g. Matter of Sobkiewicz, 208 AD3d 938, 939 [3d Dept 2022]), which includes our review of the indictment, respondent's appeal of his conviction (see United States v Kelley, 821 Fed Appx 765 [9th Cir 2020], cert denied ___ US ___, 141 S Ct 1715 [2021]), which has been affirmed by the US Court of Appeals for the Ninth Circuit — with that Court concluding that respondent's conviction pursuant to 18 USC § 2315 was based on sufficient evidence — and his subsequent motion to vacate his conviction (see Kelley v United States, 2022 WL 4366333 [WD Wash 2022]), which was denied.
We acknowledge that respondent seeks an opportunity to relitigate the facts underlying his conviction, largely through a hearing. However, given our conclusion that his federal felonies are essentially similar to felonies in New York, we find that respondent ceased to be an attorney by operation of law at the time that he was convicted of these federal felonies. Accordingly, we grant AGC's motion and strike respondent's name from the roll of attorneys nunc pro tunc to December 20, 2017, the date the jury entered its verdict as to respondent.[FN1] Because respondent's disbarment is automatic and we have confirmed his disbarred status, we need not address AGC's alternative request to discipline respondent based upon his conviction of filing false tax returns (see Judiciary Law § 90 [4] [g]). To the extent that respondent seeks to delay this proceeding given his pending pardon application, we note that the automatic disbarment provision of Judiciary Law § 90 is self-executing (see Matter of Young, 232 AD3d at 1111); thus, there is no basis to deny or otherwise delay in deciding AGC's motion, which is a "formality that merely confirms respondent's disbarment" in New York (Matter of Butcher, 153 AD3d 1127, 1127 [3d Dept 2017]). Should respondent's pardon be successful, he may move to vacate his disbarment pursuant to Judiciary Law § 90 (5) (a).
Clark, J.P., Pritzker, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to December 20, 2017; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion [*3]as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1: Because respondent's disbarment is automatic and we have confirmed his disbarred status, we need not address AGC's alternative request to discipline respondent based upon his conviction of filing false tax returns (see Judiciary Law § 90 [4] [g]).