Matter of Eagan (2025 NY Slip Op 06014)

Matter of Eagan

2025 NY Slip Op 06014

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

PM-246-25
[*1]In the Matter of Martin D. Eagan, a Suspended Attorney. (Attorney Registration No. 3041894.)

Calendar Date:October 6, 2025

Before:Clark, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Kelsey E. Roche of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Martin D. Eagan, Morristown, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2000, having previously been admitted in New Jersey. By January 2014 order of this Court, respondent was suspended from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with his attorney registration obligations beginning in 2008 (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1030 [3d Dept 2014]; see Judiciary Law § 468-a [5]). Respondent remains so suspended to date and has been delinquent in his statutory registration obligations for nine consecutive biennial periods.
In January 2021, defendant was convicted by guilty plea of the federal felony of conspiracy to commit bank fraud (18 USC § § 1344, 1349) in the US District Court for the District of New Jersey. This conviction stemmed from respondent's admitted participation in a reverse mortgage scheme to defraud at least 10 elderly homeowners for a loss of more than $579,000. Respondent began cooperating with federal prosecutors toward the prosecution of his coconspirators prior to being charged with this crime. As relevant here, in furtherance of the scheme, respondent prepared fraudulent documents for submission to various banks who acted as lenders to the transaction (see 18 USC § 20); after receiving the mortgage proceeds and depositing those funds into an escrow account, respondent disbursed the proceeds in contravention of the express closing instructions of the lenders. The mortgage proceeds were diverted to respondent's coconspirators, who then personally used those proceeds. By a split panel of the Supreme Court of New Jersey, in January 2024, respondent was suspended from practice for a period of two years as a result of his federal conviction. His conviction also resulted in his temporary suspension from practice by the US District Court for the District of New Jersey pending further disciplinary proceedings. He was subsequently disbarred by that court after defaulting in those proceedings.
Now, by order to show cause marked returnable October 6, 2025, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of his conviction, contending that his conviction of the federal felony of conspiracy to commit bank fraud resulted in his automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). Alternatively, AGC seeks an order imposing discipline in this state based upon respondent's suspension by the Supreme Court of New Jersey and disbarment by the US District Court for the District of New Jersey (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13). Respondent consents to his disbarment in this state.
An attorney licensed in this State who is convicted of a felony "shall upon such [*2]conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such" (Judiciary Law § 90 [4] [a]). Judiciary Law § 90 (4) (e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." While "[t]he predicate foreign felony need not be a 'mirror image' of the New York felony," it "must have 'essential similarity,' which is determined through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [3d Dept 2018], quoting Matter of Margiotta, 60 NY2d 147, 150 [1983]). Upon review of the proof submitted in support of AGC's motion — including the terms of respondent's guilty plea and the District Court judgment — we agree that respondent's conviction of the federal crime of conspiracy to commit bank fraud is sufficiently comparable to the New York felonies of scheme to defraud in the first degree (see Penal Law § 190.65 [1]) and grand larceny in the second degree (see Penal Law § 155.40 [1]) so as to trigger his automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see e.g. Matter of Sobkiewicz, 208 AD3d 938, 939 [3d Dept 2022]; Matter of Scott, 187 AD3d 1480, 1481 [3d Dept 2020]; Matter of Petiton, 155 AD3d 118, 120 [2d Dept 2017]; Matter of Williams, 148 AD3d 269, 270-271 [2d Dept 2017]).Accordingly, we grant AGC's motion to the extent of striking respondent's name from the roll of attorneys nunc pro tunc to June 9, 2022 (see Matter of Ferriero, 172 AD3d 1698, 1699 [3d Dept 2019]).[FN1]
Clark, J.P., Pritzker, Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to June 9, 2022; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify [*3]to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: In light of this result, AGC's alternative request for the imposition of discipline pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 has been rendered academic.